IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| RICK'S CABARET INTERNATIONAL, INC., and RCI INTERNET SERVICES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>INDEMNITY INSURANCE CORPORATION<br><br>Defendant. | No.: _____<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Rick's Cabaret International, Inc. ("Rick's") and RCI Internet Services, Inc. ("RCI"), by and through their attorney, Brenda Stanfield, Esq., as and for their Complaint against Indemnity Insurance Corporation ("IIC"), aver as follows:

## NATURE OF ACTION

1. This is an action for declaratory judgment, breach of contract, and violations of the Texas Prompt Payment of Claims Act arising out of the refusal of IIC to provide a defense to Rick's in the class action lawsuit captioned <u>Lusskin v. Rick's Cabaret Int'l, Inc.</u>, No. 11-cv-22062 MGC (S.D. Fla. 2011) (Complaint attached hereto as Exhibit "A") and to Rick's and RCI in the class action lawsuit captioned <u>Kertesz v. Rick's Cabaret Int'l, Inc., and RCI Internet Services, Inc.</u>, No. 11-cv-61289-JIC (S.D. Fla. 2011) (Amended Complaint attached hereto as Exhibit "B").

## PARTIES

2. Plaintiff Rick's Cabaret International, Inc., is a Texas corporation with its principal place of business in Houston, Texas.

3. Plaintiff RCI Internet Services, Inc., is a Texas corporation with its principal place of business in Houston, Texas.

4. Defendant IIC is a Delaware corporation with its principal place of business in Sparks, Maryland.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Complaint under 28 U.S.C. § 1332 because complete diversity exists between the plaintiffs and defendant and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because the insurance policies at issue in this matter were issued in this District.

## THE POLICIES

7. IIC sold Rick's primary and umbrella comprehensive general liability policies for the policy periods of January 1, 2009 to January 1, 2010, January 1, 2010 to January 1, 2011, and January 1, 2011 to January 1, 2012.

8. The primary policies are attached hereto as Exhibit "C" (January 1, 2009 to January 1, 2010), Exhibit "D" (January 1, 2010 to January 1, 2011), and Exhibit "E" (January 1, 2011 to January 1, 2012) (collectively "Policies") and have an Each Occurrence Limit of $1,000,000, a Personal and Advertising Injury Limit of $1,000,000 and a General Aggregate Limit of $5,000,000

9. Rick's and RCI are Named Insureds under the Policies.

10. The Policies were delivered to Rick's in Texas.

## THE UNDERLYING LITIGATION

11.  This dispute arises out of an insurance claim made by Rick's and RCI for the defense of two class action lawsuits captioned <u>Lusskin v. Rick's Cabaret Int'l, Inc.</u>, No. 11-cv-22062-MGC (S.D. Fla. 2011) ("Lusskin Action") and <u>Kertesz v. Rick's Cabaret Int'l, Inc., and RCI Internet Services, Inc.</u>, No. 11-cv-61289-JIC (S.D. Fla. 2011) ("Kertesz Action") (collectively, the "Underlying Actions").

12.  The Underlying Actions allege that Rick's and RCI violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") by engaging in unwanted "text blasting," the practice of sending Short Message Service alerts to distribute bulk advertisements directly to consumers' cellular telephones.

## THE TERMS OF THE POLICIES

13.  Coverage B of the Policies provides that IIC "[w]ill pay those sums that the Insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies."

14.  "Personal and advertising injury," is defined to include "[o]ral or written publication, in any manner, of material that violates a person's right of privacy."

15.  The Policies provide that IIC "will have the right and duty to defend the insured against any 'suit' seeking those damages."

16.  The duty to defend is broader than the duty to indemnify and exists when any of the facts and allegations in the underlying actions create potential coverage under the policy.

17.  Claims brought pursuant to the TCPA are potentially covered under the Policies.

18. IIC has acknowledged that "Florida and Texas courts have interpreted 'Text Blasting,' or claims of the same nature, as a violation of a person's right of privacy which, <u>barring an exclusion</u>, would trigger coverage under Coverage B."

19. Although some policies specifically exclude coverage for TCPA claims, the Policies sold to Rick's by IIC do not contain any such exclusion.

20. IIC has denied coverage based on the Field of Entertainment exclusion, which excludes coverage for "[a]ctual or alleged invasion of privacy" and "[a]ctual or alleged violation of the United States Federal Communications Commission rules, regulations, interpretations, policies, statutes, laws or codes."

21. IIC has the burden of proof to prove that an exclusion applies.

22. Any reasonable interpretation in favor of coverage must be adopted.

23. The Field of Entertainment exclusion does not delete the coverage for "[o]ral or written publication, in any manner, of material that violates a person's right of privacy." Instead, IIC drafted the exclusion more narrowly to exclude only "actual or alleged invasion of privacy."

24. One reasonable interpretation of this exclusion is that it applies solely to the tort of "invasion of privacy" and not to other violations of "right of privacy" such as the violations of the "right of privacy" prohibited by the TCPA and alleged in the Underlying Actions.

25. The Underlying Actions do not allege solely "[a]ctual or alleged violation of the United States Federal Communications Commission rules, regulations, interpretations, policies, statutes, laws or codes."

26. Neither the Lusskin Action nor the Kertesz Action was brought by the FCC for violation of its rules, regulations, interpretations, policies, statutes, laws or codes.

## **COUNT I -- DECLARATORY JUDGMENT (DUTY TO DEFEND)**

27. Paragraphs 1 to 26 are incorporated by reference.

28. IIC is obligated by the terms and conditions of the Policies, and by applicable law, to defend Rick's in the Lusskin Action.

29. IIC is obligated by the terms and conditions of the Policies, and by applicable law, to defend Rick's and RCI in the Kertesz Action.

30. IIC has failed and refused to defend Rick's in the Lusskin Action and has refused to defend Rick's and RCI in the Kertesz Action.

31. Rick's and RCI seek a declaration, pursuant to 28 U.S.C. § 2201, that IIC is obligated, in accordance with the terms of the Policies and applicable law, to defend Rick's and RCI in the Underlying Actions.

32. An actual and justiciable controversy exists between Rick's and RCI, on the one hand, and IIC, on the other hand, concerning IIC duties and obligations under the Policies.

33. A judicial declaration is necessary and appropriate at this time under the circumstances alleged.

34. A declaration of the parties' rights and obligations under the Policies will serve to resolve the dispute between them.

WHEREFORE, Rick's and RCI demand judgment in their favor and against IIC declaring that: (1) IIC is required to defend Rick's in the Lusskin Action and to defend Rick's and RCI in the Kertesz Action; and (2) Rick's and RCI are entitled to compensatory and

consequential damages, pre-judgment and post-judgment interest, and other such relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

35. Paragraphs 1 to 34 are incorporated by reference.

36. IIC has a duty to defend Rick's in the Lusskin Action and to defend Rick's and RCI in the Kertesz Action.

37. IIC's refusal to defend Rick's and RCI in the Underlying Actions constitutes a material breach of contract.

38. IIC has no legally justifiable excuse, justification, or defense for its refusal to perform.

39. As a direct and proximate result of IIC's breach of its contractual obligations under the Policies, Rick's and RCI have been deprived of the benefits of the Policies and have suffered damages to be proven at trial, including the fees and costs required to defend the Underlying Actions.

WHEREFORE, Rick's and RCI demand judgment in their favor and against IIC for (1) compensatory and consequential damages suffered by Rick's and RCI as a result of the breach; (2) pre-judgment and post-judgment interest; and (3) other such relief as this Court deems just and proper.

## COUNT III – VIOLATIONS OF TEXAS PROMPT PAYMENT OF CLAIMS ACT

40. Paragraphs 1 to 39 are incorporated by reference.

41. IIC is a risk retention group bound by the requirements of the Texas Prompt Payment of Claims Act. TEX. INS. CODE § 542.052(18).

42. IIC has delayed payment of Plaintiffs' claim in violation of TEXAS INS. CODE 542.058(a) and otherwise failed to meet the requirements of the Prompt Payment of Claims Act.

WHEREFORE, Rick's and RCI demand judgment in its favor and against IIC for 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of the Texas Prompt Payment of Claims Act pursuant to TEXAS INS. CODE 542.060.

Date: October 18, 2011

Respectfully submitted,

/s/Brenda K. Stanfield_____

**Brenda K. Stanfield**
**Attorney In Charge**
State Bar No: 24033099
Southern District of Texas Bar No: 34205
Rick's Cabaret International, Inc.
10959 Cutten Rd.
Houston, TX 77066
(281) 397-6730
(832) 553-2738 (fax)

OF COUNSEL:

Timothy P. Law (*pro hac vice application to be filed*)
Toki Rehder (*pro hac vice application to be filed*)
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100
(215) 851-1420 (fax)

**ATTORNEYS FOR PLAINTIFFS, RICK'S CABARET INTERNATIONAL, INC. AND RCI INTERNET SERVICES, INC.**